# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TAD TAYLOR, #26966-078 | §<br>§  Civil Action No.  4:22-CV-79 |
| v. | §  (Judge Mazzant/Judge Nowak) |
| MARCIA A. CRONE, ET AL. | §<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is *pro se* Plaintiff Tad Taylor's Motion to Recuse (Dkt. #4).  After reviewing the recusal motion, and all other relevant filings, the Court finds that Plaintiff's Motion to Recuse is hereby **DENIED**.

On February 2, 2022, Plaintiff filed this suit naming U.S. District Judge Marcia A. Crone, Assistant United States Attorney Steven Buys, FNU Hornok, and the United States of America as Defendants, for claims of slander, libel, and defamation of character related to his criminal prosecution in this district (Dkt. 1 at pp. 1–6).  By and through his Motion, Plaintiff asks Judge Crone to recuse herself from his pending § 2255 habeas case, filed under Cause No. 4:21-cv-00103-MAC-KPJ, and which stems from his underlying criminal proceeding, Cause No. 4:17-cr-00009.  Plaintiff alleges Judge Crone has a conflict of interest in considering his § 2255 petition because he is suing her in the instant cause (Dkt. 4 at p. 1).

"Under 28 U.S.C. § 455 [], a party may request the recusal of a judge not only if '[s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding,' [28 U.S.C. § 455(b)], but also when '[her] impartiality might reasonably be questioned,' [28 U.S.C. § 455(a)]."  *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003); *McClelland v. Gronwaldt*, 942 F. Supp. 297, 302 (E.D. Tex. 1996) ("Under § 455(a), a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be

questioned."). The decision whether to recuse under § 455 is committed to the sound discretion of the Court asked to recuse. *See, e.g.*, *Garcia v. City of Laredo*, 702 F.3d 788, 793–94 (5th Cir. 2012); *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (quoting *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)). Plaintiff has filed his request in the wrong case. Judge Crone is not the judge assigned to this cause. Plaintiff does not move for recusal of the district judge assigned to this matter, U.S. District Judge Amos L. Mazzant III, or the referral judge, U.S. Magistrate Judge Christine A. Nowak. Plaintiff's § 2255 habeas petition, filed on February 2, 2021, remains pending under Cause No. 4:21-cv-00103-MAC-KPJ. No recusal motion has been filed in Plaintiff's habeas case. And no claim or request for habeas relief brought under § 2255 can be found in the instant Complaint, which will be determined by the undersigned and not Judge Crone (Dkt. 1).

## CONCLUSION

It is hereby **ORDERED** that Plaintiff Tad Taylor's Motion to Recuse (Dkt. #4) is hereby **DENIED**.

**IT IS SO ORDERED**.
**SIGNED this 27th day of May, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE