IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TAD TAYLOR, § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. 4:22-CV-00079-ALM-AGD |
| § | |
| v. § | |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION**
<u>**OF UNITED STATES MAGISTRATE JUDGE**</u>

Pending before the court is Defendant United States of America's Motion to Dismiss ("Defendant's Motion to Dismiss") [Dkt. 13]. After reviewing the Motion to Dismiss [Dkt. 13], Plaintiff Tad Taylor's Response to Defendant's Motion to Dismiss ("Response") [Dkt. 14], and all other relevant pleadings, the court recommends that Defendant's Motion to Dismiss under FED. R. CIV. P. 12(b)(1) be **GRANTED**.

**BACKGROUND**

*The Criminal Case*

*Pro se* Plaintiff Tad Taylor ("Plaintiff"), was convicted in the Eastern District of Texas for conspiracy to distribute, dispense, and possess with intent to distribute and dispense controlled substances in violation of 21 U.S.C. §§ 846, 814(b)(1)(C). *United States v. Theodore William Taylor a/k/a Tad Taylor*, No. 4:17-cr-00009-MAC-KPJ (E.D. Tex.). United States District Judge Marcia Crone ("Judge Crone") sentenced Plaintiff, and Assistant U.S. Attorneys Stevan Buys ("AUSA Buys") and Jonathan Hornok ("AUSA Hornok") prosecuted the case on behalf of the United States.

*Procedural History*

On February 2, 2022, Plaintiff, proceeding *pro se*, filed his original Complaint in this matter, naming Judge Crone, AUSA Buys, and AUSA Hornok as defendants [Dkt. 1]. On September 12, 2022, Plaintiff filed an Amended Complaint, the live pleading [Dkt. 11], which on its face asserts tort claims against the three individuals. Plaintiff specifically alleges they engaged in "malicious and intentional actions involving Slander, Libel, and Character Assassination" throughout his underlying criminal prosecution [Dkt. 11 at 3].[1]

On February 10, 2023, this court granted the United States' Motion to Substitute as Party Defendant, substituting the United States as the only named Defendant and dismissing the other parties for lack of subject matter jurisdiction [Dkt. 16].[2] The motion was granted on the grounds that, under the Federal Tort Claims Act's ("FTCA") waiver of sovereign immunity, the United States is the only proper defendant in Plaintiff's tort suit [Dkt. 16].

*The Government's Motion to Dismiss*

On September 22, 2022, Defendant United States filed the instant Motion to Dismiss arguing the court lacks subject matter jurisdiction over Plaintiff's tort claims because Plaintiff (1) failed to exhaust his administrative remedies prior to filing suit, and (2) the United States has not waived sovereign immunity for allegations of defamation, libel, slander, or malice [Dkt. 13 at 3]. The Defendant also asserts insufficient service of process as well as lack of personal jurisdiction due to insufficient service of process. Finally, Defendant argues that the Amended Complaint

---

[1] Plaintiff states such defamation violated his constitutional rights under the Eighth Amendment. [Dkt. 11 at 1]. However, Plaintiff's Eighth Amendment allegation is conclusory and not supported by any facts and must therefore be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

[2] On March 29, 2022, Defendant United States filed its Motion to Substitute as Party Defendant pursuant to 28 U.S.C. § 2679 (i.e., the Westfall Act, or the Federal Employees Liability Reform and Tort Compensation Act of 1988) [Dkt. 8]. The Westfall Act provides that the United States shall be substituted as the party defendant upon proper certification that any federal employee was acting within the scope of office or employment when the claim arose. 28 U.S.C. § 2679(d)(1).

should be dismissed under FED. R. CIV. P. 12(b)(6) because the allegations are barred by the one-year statute of limitations. Plaintiff filed a Response [Dkt. 14].[3]

## LEGAL STANDARDS

### a. Subject-Matter Jurisdiction

A Rule 12(b)(1) motion to dismiss allows a party to challenge the exercise of the court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Dickson v. United States*, 11 F.4th 308, 312 (5th Cir. 2021) (citing *Castro v. United States*, 608 F.3d 266, 268 (5th Cir. 2010) (en banc)); *St. Tammany Par. v. FEMA,* 556 F.3d 307, 315 (5th Cir. 2009) ("Plaintiff bears the burden of showing Congress's unequivocal waiver of sovereign immunity."); *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). Plaintiff must prove the court has jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020) (quoting *Ramming*, 281 F.3d at 161).

### b. Federal Tort Claims Act

The United States enjoys sovereign immunity unless Congress expressly waives it. *St. Tammany Par., v.* 556 F.3d at 316. The FTCA waives the United States' sovereign immunity from tort claims. 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2674; *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998). The FTCA requires that claimants seeking money damages against the United States for tort claims must first present their claims to the appropriate Federal agency for administrative disposition. 28 U.S.C. § 2675(a). A claim must be denied in writing and sent by certified or

---

[3] Plaintiff's Response [Dkt. 14] incorporates some of the arguments from his prior response [Dkt. 12] to Defendant's original motion to dismiss [Dkt. 10]. This court denied Defendant's original motion as moot [Dkt. 15] after Plaintiff filed his Amended Complaint [Dkt. 11].

registered mail prior to filing suit. *Id*. This administrative-exhaustion requirement is "jurisdictional and cannot be waived." *Employees Welfare Committee v. Daws*, 599 F.2d 1375, 1378 (5th Cir. 1979).

Furthermore, the FTCA does not waive sovereign immunity for any claim arising out of "malicious prosecution…libel, slander, misrepresentation, [or] deceit…" 28 U.S.C. § 2680(h); *see Millbrook v. United States*, 569 U.S. 50, 52 (2013) ("This broad waiver of sovereign immunity is subject to a number of exceptions set forth in § 2680…We have referred to § 2680(h) as the 'intentional tort exception'.").

## ANALYSIS

Plaintiff has not proven that he presented his tort claims to the appropriate Federal agency for administrative disposition prior to filing his lawsuit. Plaintiff offers no evidence of doing so nor alleges that he has complied with the FTCA's administrative-exhaustion requirement in the Amended Complaint. *See generally* [Dkt. 11; Dkt. 12; Dkt. 14]. Plaintiff erroneously suggests that the exhaustion of administrative remedies is not necessary to bring his tort claims[4]. *See* [Dkt. 12 at 2; Dkt. 14 at 1]. On the contrary, the FTCA's administrative-exhaustion requirement is jurisdictional and cannot be waived. *Employees Welfare Committee,* 599 F.2d at 1378. Because Plaintiff has neither proven nor alleged that he exhausted the requisite administrative remedies pursuant to the FTCA, the court lacks subject matter jurisdiction over his claims.

Moreover, Plaintiff has asserted certain tort claims for which the FTCA does not waive sovereign immunity. Plaintiff alleges that Judge Crone, AUSA Buys, and AUSA Hornok defamed

---

[4] Plaintiff argued in his prior response to Defendant's original Motion to Dismiss that he did not file a federal tort claim under the FTCA, and did not reference the FTCA or a "tort in general" in his complaint. *See* [Dkt. 12 at 2-3]. Despite this contention, in his Amended Complaint, Plaintiff characterizes Defendant's actions as "tortious" and asserts claims for money damages that plainly fall within the purview of the FTCA. *See* [Dkt. 11 at 1, 3, 15 ("With each falsehood, this Plaintiff has provided a direct contribution to named Damages…all directly tied to the actions and inactions, the slander, Libel, and Malice of the named Defendant(s) [sic]."); 28 U.S.C. § 2675(a).

REPORT AND RECOMMENDATION—Page 4

him through "a total of 151 felony perjury lies" throughout his criminal prosecution and "knowingly and willfully intended to inflict maximum character [assassination] through acts of slander, libel, and malice." [Dkt. 11 at 1, 3]. Such claims are barred by the FTCA's intentional tort exception because they arise out of "libel, slander, misrepresentation, [or] deceit…" 28 U.S.C. § 2680(h). The court therefore lacks subject matter jurisdiction over the Plaintiff's allegations, as asserted in his Amended Complaint.

Because the court lacks subject matter jurisdiction, the court need not address the Defendant's remaining arguments. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the 12(b)(1) jurisdictional attack before addressing any attack on the merits.").[5]

## CONCLUSION AND RECOMMENDATION

Based upon the findings and legal analysis discussed above, this court RECOMMENDS that Defendant's Motion to Dismiss for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1) [Dkt.13] be **GRANTED**, and Plaintiff's claims should be **DISMISSED WITHOUT PREJUDICE.**

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

---

[5] Even if the Plaintiff could establish subject matter jurisdiction, his claims would be barred by the one-year statute of limitations. Giving Plaintiff the benefit of the doubt, if the alleged 151 "perjury lies" occurred at his May 3, 2019 sentencing, the statements were made more than one year before he filed his lawsuit on February 2, 2022. *See Aubrey v. D. Magazine Partners, L.P.*, No. 3:19-CV-0056-B, 2020 WL 1479025 at *12 (N.D. Tex. Mar. 26, 2020) (a claim for defamation begins to run on the "first date of publication.").

determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 8th day of August, 2023.**

*/s/ Aileen Goldman Durrett*
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE